UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOYCE GUIDRY GREEN, ET AL            CIVIL ACTION

VERSUS            NO. 12-2125

DENIS ROUSSELLE, ET AL            SECTION "N" (3)

**O R D E R**

Before the Court is Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Rec. Doc. 8). Plaintiffs' opposition memorandum is at Rec. Doc. 11.

## I. BACKGROUND:

This case arises out of the criminal prosecution of plaintiff Joyce Green, a former employee of the Plaquemines Parish School Board (the "School Board"), by the Plaquemines Parish Sheriff and District Attorney for theft (La. Rev. Stat. § 14:67) and malfeasance of office (La. Rev. Stat. § 14:134), relating to requests for payment related to FEMA recovery work allegedly performed by Green following Hurricane Katrina. Plaintiff brings this section 1983 action against the School Board and four individuals who are members or employees of the School Board: Denis Rousselle, Green's former supervisor; Mary Anne Bulot, an executive assistant; Sharon Branan, a member of the School Board; and Joyce Lamkin, president of the School Board. Plaintiff alleges that the defendants deprived her of her constitutional rights, specifically depriving her of liberty without due process of law, by making false claims and withholding exculpatory evidence from the Sheriff and District Attorney. Plaintiff also brings state law claims for malicious prosecution and defamation.

Defendants seek to dismiss the claims under Rule 12(b)(6) on several grounds, as discussed below. Alternatively, they seek summary judgment under Rule 56 on grounds that plaintiff's claims are subject to a release contained in a settlement agreement between the plaintiff and the School Board.

II. <u>LAW AND ANALYSIS</u>:

    1. <u>The Standard for Rule 12(b)(6) Dismissal</u>:

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

    2. <u>The Standard for Summary Judgment under Rule 56</u>:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. **Plaintiff's Federal Claims under 42 U.S.C. § 1983:**

Defendants argue that plaintiff's section 1983 claims must be dismissed because they are untimely. The Court agrees.

The defense of liberative prescription may be asserted in a Rule 12(b)(6) motion, provided that the defense appears on the fact of the complaint. *See, e.g., Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997). Moreover, the motion is asserted under Rule 56 in the alternative, and both sides have submitted materials outside the pleadings. *See* Attachments to Rec. Docs. 8 and 11. Thus, with respect to prescription, the motion may be treated as one for summary judgment.

"In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts." *Bourdais v. New Orleans City*, 485 F.3d 294, 297 (5th Cir. 2007). In Louisiana, the applicable liberative prescriptive period is one year. *Id.; see* La. Civ. Code art. 3492. However, "[t]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law, the statute of limitations under § 1983 begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d 911, 916 (5th Cir. 2012) (internal quotations omitted).

In this case, the plaintiffs allege that "[o]n or before the 23rd day of September, 2010," the defendants "played an active part in the initiation of the criminal proceedings against Joyce [Green] by making false claims and withholding exculpatory evidence that would have cleared petitioner of any wrongdoing." Complaint at ¶ 98 (Rec. Doc. 1 at 21). They further allege that

"[o]n the 24th day of September, 2010, Joyce was falsely arrested by the Plaquemines Parish Sheriff's Office, detained and wrongfully charged with two counts of Felony Theft and Malfeasance in Office."  Complaint at ¶ 99 (Rec. Doc. 1 at 21).  Thus, Green's cause of action arising out of any constitutional violations relating to her indictment, arrest, and detention would have accrued on September 24, 2010.  Given that she did not file her complaint until August 20, 2012, all such claims are time-barred.

Plaintiff argues that her malicious prosecution claim is not time-barred because an essential element of that claim is the *bona fide* termination of the proceeding in favor of the present plaintiff.[1]  Since the indictment was dismissed on August 24, 2011, *see* Rec. Doc. 8-3, plaintiff argues that her cause of action accrued on this date and, thus, that the claim was timely filed.  Plaintiff is correct insofar as the timeliness of her state law tort claim for malicious prosecution is concerned, and the defendants concede that this claim is timely.  However, the opinion that plaintiffs cite regarding a federal claim for malicious prosecution — *Brummett v. Camble*, 946 F.2d 1178 (5th Cir. 1991) — has been abrogated by a subsequent *en banc* decision of the Fifth Circuit.

In *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc), the Fifth Circuit made clear "that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."  *Castellano*, 352 F.3d at 942; *see also Cuadra v.*

---

[1] In Louisiana, the essential elements of the tort of malicious prosecution are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff."  *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984).

*Houston Independent School Dist.,* 626 F.3d 808, 812-13 (5th Cir. 2010).  "[N]o such freestanding constitutional right to be free from malicious prosecution exists." *Castellano*, 352 F.3d at 945.  Although the state law tort of malicious prosecution may overlap with violations of a defendant's federal constitutional rights, such is not necessarily the case.  Thus, to state a claim under section 1983 related to a "malicious prosecution," a plaintiff must be very clear in identifying the constitutional violations asserted.  *Id.*  The *Castellano* court explained:

> To the point, causing charges to be filed without probable cause will not without more violate the Constitution.  So defined, the assertion of malicious prosecution states no constitutional claim.  It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation. The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection — the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued.  Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.  Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54.  In short, to state a claim under section 1983 related to the wrongful initiation of criminal charges, the constitutional anchor must be "visible" and clearly identified.  *Id.* at 960.

Here, in response to defendants' motion, plaintiff argues that her malicious prosecution claim implicates the Fourth and Fourteenth Amendments because she complains of an arrest, detention, and prosecution without probable cause.  Rec. Doc. 11 at 15.  However, the indictment, arrest, and detention occurred in September 2010, nearly 23 months before suit was filed.  And, although the precise duration of her pretrial detention is not alleged, it was terminated at the very least by June 13, 2011, the date on which Green entered into a pretrial diversion agreement with the District Attorney.  *See* Rec. Doc. 11-1.  Thus, the Court finds that plaintiffs have failed to state a claim cognizable under 42 U.S.C. § 1983 that is not time-barred.

5

### 4. Plaintiffs' State Law Claims:

This leaves plaintiff's state law claims of defamation and malicious prosecution. "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *see* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *see also Jackson v. Mizzel*, 361 Fed. Appx. 622, 627 (5th Cir.2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."). "However, the dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court." *Bass*, 180 F.3d at 246. The Court can find no reason here to deviate from this general rule. Thus, the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims in this matter and will dismiss these claims without prejudice. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss and/or Motion for Summary Judgment **(Rec. Doc. 8)** is hereby **GRANTED**. Plaintiffs' federal claims under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**, and plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 17th day of April, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**